# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1588 |
| | ) | |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Bissoon |
| ELISA LONG, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for failure to comply with this Court's order of December 1, 2010 (ECF No. 2).

### II. REPORT

Ruben Mitchell ("Plaintiff") was, at the time of initiating this suit, incarcerated at the Northeast Ohio Corrections Center in Youngstown, Ohio. Plaintiff named as the sole defendant in this case, Elisa Long ("Defendant"), who was his public defender in a federal criminal case. Plaintiff alleged in the proposed complaint that Defendant violated his rights under the Sixth Amendment to the Constitution of the United States by allegedly unnecessarily delaying his criminal trial. Plaintiff sent into the court his complaint, but the complaint was not accompanied by a filing fee or by a motion for leave to proceed *in forma pauperis* ("IFP"). Accordingly, on December 1, 2010, this Court ordered Plaintiff to either pay the filing fee or file a motion for leave to proceed IFP and to do so no later than December 16, 2010. It is now January 19, 2011,

and, as of the date of this writing, Plaintiff has not responded to that order in any fashion, nor requested an extension of time to respond.

A district court has the inherent power to dismiss, *sua sponte*, a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the

---

[1] See e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

claim or defense.  Id. at 868.  However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the court of appeals.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant."  Id.

Consideration of the factors listed above is as follows

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*.  There is no indication that he failed to receive the orders set forth above.  The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants.  As such, there is no indication that Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's order.  This is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*.  The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's order, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has not asserted adequate basis in his proposed complaint to conclude that Defendant is liable pursuant to 42 U.S.C. § 1983, or under the Supreme Court's holding in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In light of the foregoing, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with the order of December 1, 2010.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 2, 2011. Failure to file objections by this date may constitute a waiver of any appellate rights.

January 19, 2011             s/Cathy Bissoon
                      Cathy Bissoon
                      United States Magistrate Judge

cc: Arthur J. Schwab
United States District Judge

RUBEN MITCHELL
CCA/NEOCC
2240 Hubbard Road
Youngstown, OH 44505