IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1588 |
| | ) | |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Bissoon |
| ELISA LONG, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the case be dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted.

### II. REPORT

Ruben Mitchell ("Plaintiff") was, at the time of initiating this suit, incarcerated at the Northeast Ohio Corrections Center in Youngstown, Ohio. Plaintiff named as the sole defendant in this case, Elisa Long ("Defendant"), who was his federal defender in criminal proceedings in United States District Court. Compl. (Doc. 7 at 1). Plaintiff alleged in the complaint that Defendant violated his rights under the Sixth Amendment to the Constitution of the United States by allegedly unnecessarily delaying his criminal trial. Id. at 2. Plaintiff seeks redress pursuant to the Civil Rights Act of 1871, 28 U.S.C § 1983, *et seq*. (Doc. 7 at 1).

This civil action commenced with the receipt of the complaint, without filing fee of motion for leave to proceed *in forma pauperis* ("IFP"), on November 30, 2010. A report and

recommendation was issued on January 19, 2011, recommending dismissal of this case for Plaintiff's failure to comply with orders to pay the required filing fee, or move for leave to proceed IFP. (Doc. 4). Plaintiff moved to proceed IFP on January 31, 2011, which was granted the following day. (Docs. 5 and 6).

As an initial matter, it is noted that Plaintiff's allegations against Defendant – a federal defender – do not properly arise out of section 1983. In order to state a claim under section 1983, a plaintiff must show that an alleged deprivation of a right secured by the Constitution and laws of the United States was committed by a person acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006). All of Defendant's conduct alleged in the complaint occurred in the course of Plaintiff's federal criminal proceedings. Clearly, none of the alleged acts or omissions could have been under color of *state* law. See Couden, 446 F.3d at 491 (noting distinction between section 1983 actions against state actors and Bivens actions against federal officials). Thus, Plaintiff cannot state a claim under 42 U.S.C. § 1983.

It seems instead, that Plaintiff may be attempting to invoke the rule announced in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), wherein the Supreme Court recognized a cause of action for a *federal* agent who, acting pursuant to his authority, violated an individual's constitutional rights. However, in Polk County v. Dodson, the United States Supreme Court held that a public defender, although paid and ultimately supervised by the state, is not a state actor for the purposes of liability under section 1983 (the statutory analogue of Bivens) when performing the traditional functions of counsel to a criminal defendant in a state proceeding. 454 U.S. 312, 325 (1981). Multiple courts have held that this logic applies to federal defenders acting as counsel in federal proceedings, finding that they are

not considered federal officers for the purposes of Bivens. See, e.g., Richards v. Flynn, 263 F.App'x 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of Bivens action brought against assistant federal defender); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of Bivens action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); Allred v. McCaughey, 257 F.App'x 91, 92 – 93 (10th Cir. 2007); Hairabedian v. Berger, 951 F.2d 1259 (10th Cir. 1991) (table) (upholding dismissal of a Bivens claim against a private attorney because he is not a "federal actor").

28 U.S.C. § 1915 requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Thus, a court must dismiss, *sua sponte*, a complaint that lacks arguable merit in fact or law. Stackhouse v. Crocker, 266 F.App'x 189, 190 (3d Cir. 2008) (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The standard for reviewing a complaint under this section 1915(e)(2)(B) is the same as that for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999); see also Banks v. Mozingo, No. 08-004, 2009 WL 497572, at * 6 (W.D.Pa. Feb. 26, 2009). Based on the above analysis, it is clear that Plaintiff's claims lack merit. As such, they should be dismissed. Additionally, as it appears that leave to amend would be futile, dismissal should be with prejudice.

## III.  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by August 19, 2011.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


August 5, 2011                                                                s/Cathy Bissoon
                                                                             Cathy Bissoon
                                                                             United States Magistrate Judge


cc:

**RUBEN MITCHELL**
10954-023
CCA/NEOCC
2240 Hubbard Road
Youngstown, OH 44505